UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
EEOC #430-2011-00756
(Jury Trial Demanded)

**FILED**
**STATESVILLE, N.C.**

APR 2 5 2011

U.S. District Court
Western District of N.C.

KATHERYN R. JOHNSON,
        Plaintiff,

vs.

THE STATE OF NORTH CAROLINA and
KEITH WHITENER,
        Defendants.

**COMPLAINT**

Civil No. 5:11CV57

1. This action seeks declaratory, injunctive and equitable relief, liquidated, compensatory and punitive damages, costs and attorneys fees for (a) retaliation against the Plaintiff for filing of a Complaint against the Defendant State of North Carolina with the United States Equal Employment Opportunity Commission (EEOC), (b) the creation of a hostile work environment with regard to the Plaintiff, (c) wrongful termination of the Plaintiff, (d) breach of contract entered into between the Plaintiff and the Defendant State of North Carolina.

2. This action arises under Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act 29 USCA 216, the Employee Retirement Income Security Act 29 USCA 1001-146; the North Carolina Retaliatory Employment Discrimination Act NCGS 95-241, the North Carolina Equal Employment Practices Act NCGS 143-422.1, et seq., and the Common Law of the State of North Carolina.

3. Plaintiff has brought this action in the United States District Court for the Western District of North Carolina within ninety (90) days after the date of receipt of a Notice of Right to Sue from the EEOC. The notice is attached to this Complaint as Exhibit 1.

4. The Defendant may be sued according to the State Employee Federal Remedy Restoration Act 143-300-35 which waives sovereign immunity and allows State employees to sue under the Federal Statutes set forth in paragraph 2 above.

STATEMENT OF THE FACTS

1. The Plaintiff is a citizen and resident of the State of North Carolina, living in Iredell County, North Carolina at all times alleged in the Complaint. The Plaintiff's address is 186 East Memorial Highway, Harmony, North Carolina 28634.

2. The State of North Carolina is a political subdivision of the United States of America. The State of North Carolina, through its Department of Correction, Division of Prisons, operates Alexander Correctional Institution, which is a prison unit located in Alexander County, North Carolina, and particularly located at 633 Old Landfill Road, Taylorsville, North Carolina 28681. There are approximately 300 employees of the State of North Carolina stationed at the Alexander Correctional Institution.

3. The Defendant Keith Whitener ("Whitener") is an employee of the Defendant State of North Carolina. Whitener is stationed at the Alexander Correctional Institution and is the supervisor of the Alexander Correctional Institution. The personal residence of the Defendant Whitener is unknown to the Plaintiff but on information and belief, Plaintiff alleges that Whitener is a citizen and resident of Alexander County, North Carolina. At all times alleged in this Complaint, Whitener was an employee of the State of North Carolina and was an agent of the State of North Carolina and all actions of Defendant Whitener are imputed to the Defendant State of North Carolina.

4. At all times alleged in this Complaint until February 3, 2011, the Plaintiff was an employee of the State of North Carolina. The Plaintiff was employed as a correctional officer; having first been employed in 2007. The Plaintiff was stationed at the Alexander Correctional Institution from October 2007 until on or about October 1, 2010 at which time the Plaintiff was transferred to a correctional institution located in Catawba County, North Carolina.

5. On or about December 29, 2009, the Plaintiff filed a Complaint with the EEOC (EEOC file number 435-2010-00191) alleging: (a) sexual harassment by a supervisor at the Alexander Correctional Institution, (b) hostile work environment after filing the Complaint on or about December 4, 2009, (c) retaliation for filing for sexual harassment complaint and (d) unwarranted demotion.

6. Prior to the December 29, 2009 filing of Complaint with the EEOC, bearing file number 435-2010-00191, the Plaintiff had a good record with Defendant State of North Carolina. To Plaintiff's knowledge, she had one minor write up that occurred on or about October 12, 2009.

7. The Plaintiff did not pursue the EEOC claim in 435-2010-00191 as the Plaintiff did not have sufficient funds to pay a filing fee and to engage an attorney for continued prosecution of the claim in 435-2010-00191 in the United States District Court for the Western District of North Carolina.

8. After the filing of the Plaintiff's prior EEOC complaint (435-2011-00191) and continuing constantly until the Plaintiff's termination on February 3, 2011, the Defendant State of North Carolina through its employee and agent Defendant Whitener embarked on a course of action in retaliation for the Plaintiff's filing of a prior EEOC complaint (435-2010-00191).

9. In retaliation for the Plaintiff's filing of the prior EEOC charge, the Defendant State of North Carolina, through its agents and employees and specifically its employee Whitener, did the following acts enumerated in the paragraphs below.

10. Without just cause, the Defendant State of North Carolina, through its employees and specifically Defendant Whitener, encouraged the Defendant State of North Carolina employee Shana Thompson to make a series of false complaints against the Plaintiff. Thompson's work station was in the immediate vicinity of the Defendant Whitener's office at Alexander Correctional Institution.

11. Without just cause, the Defendant State of North Carolina, through its agents and employees including but not limited to Whitener, encouraged Thompson to make false complaints against the Plaintiff alleging an assault and battery of Thompson by the Plaintiff on September 28, 2010. Thompson was encouraged by other State of North Carolina personnel to file civil proceedings against the Plaintiff in the District Court of Alexander County, North Carolina. On at least one occasion, uniformed State of North Carolina employees from Alexander Correctional Institution were present in the Alexander County District Court in support of Thompson's claim against the Plaintiff.

12. The civil proceeding filed by Thompson against Plaintiff in Alexander County, North Carolina resulted in the issuance of a restraining order against the Plaintiff prohibiting the Plaintiff from having any contact with Thompson.

13. The effect of the restraining order was to place the Plaintiff in violation of a North Carolina State Court Order each and every day that she (Plaintiff) went to work at the Alexander Correctional Institution where Shana Thompson also worked.

14. The restraining order was subsequently dismissed by Thompson and a civil proceeding was brought by Plaintiff against Thompson in Catawba County, North Carolina for malicious prosecution. In what is now binding arbitration in Catawba County, North Carolina and by virtue of what is now a final non-appealable judgment in favor of the Plaintiff against Thompson for malicious prosecution in Alexander County District Court, Plaintiff had judgment entered in her favor against Thompson in Catawba County, North Carolina. A copy of the Court proceeding are attached to this Complaint as Exhibit 2 and incorporated by reference at this point.

15. On or about October 1, 2010, the State of North Carolina, through its employees and agents and specifically through its employee and agent Defendant Whitener, transferred Plaintiff from the Alexander Correctional Institution to the Catawba Correctional Institution, a prison unit also run by the Defendant State of North Carolina. The transfer of the Plaintiff from Alexander Correctional Institution to Catawba Correctional Institution in Catawba County, North Carolina resulted in an increase in daily commuting mileage for the Plaintiff of approximately 30 miles per work day; causing considerable increase in the Plaintiff's expenses in traveling to and from work.

16. The Defendant, through its agents and employee Whitener, wrongfully and without justification or excuse demoted the Plaintiff which caused the Plaintiff's pay to be reduced, retirement benefits reduced and medical insurance coverages reduced.

17. With regard to the Plaintiff's work place conduct at the Alexander Correctional Institution prior to her dismissal on February 3, 2011 and with regard to the Defendant State of North Carolina's conduct through its agent and employees including Defendant Whitener, the Plaintiff incorporates into these pleadings at this point, in its entirety Plaintiff's statement made in response to the charges of Shana Thompson, State of North Carolina employee. The statement being incorporated herein by reference is six pages in total length and is incorporated into these pleadings at this point as if fully set forth herein as Exhibit 3.

18. On February 3, 2011, in retaliation for the Plaintiff's filing of EEOC Complaints 435-2010-00191 and 430-2011-00756, the Defendant State of North Carolina, by and through its agents and employee Defendant Whitener, wrongfully and without sufficient cause or belief terminated the Plaintiff's employment with the Defendant State of North Carolina.

19. As a result of the termination of the Plaintiff's employment, the Plaintiff has been wrongfully deprived of and in the future will be wrongfully deprived of base compensation, medical benefits and retirement benefits through her employee State of North Carolina.

20. By its actions, as set forth in the paragraphs above, the Defendant State of North Carolina has created a hostile work environment at the Alexander Correctional Institution as to the Plaintiff as a result of the Plaintiff filing EEOC claims 435-2010-00191 and 430-2011-00756.

21. On October, 2007, the Plaintiff and the Defendant State of North Carolina entered into a contract for the employment of the Plaintiff by the Defendant State of North Carolina as a correctional officer. At all times prior to February 3, 2011, the Plaintiff properly performed her duties pursuant to the contract she had entered into with the Defendant State of North Carolina.

22. On February 3, 2011, the Defendant State of North Carolina, through its agent and employee Defendant Whitener, wrongfully and without sufficient cause and in violation of the express and implied terms of the conditions of Plaintiff's employment contract, did wrongfully and without legal justification or excuse breach its contract with the Plaintiff by terminating the Plaintiff's employment with the Defendant State of North Carolina.

23. The Plaintiff has exhausted her administrative remedies by filing this EEOC claim 430-2011-00756 within 180 days of her termination and within 90 days of receiving a notice of right to sue letter from the EEOC.

24. The actions of the Defendants, as set forth herein, constitutes willful and wanton conduct as to each Defendant and was done with reckless indifference to the rights of the Plaintiff.

25. The Plaintiff is entitled to have and recover from the Defendants, jointly and severally, compensatory damages for lost wages and benefits caused by (a) the retaliatory actions of the Defendants and both of them, (b) as to the Plaintiff, the creation of a hostile work environment by the Defendants, jointly and severally, (c) the wrongful termination of the Plaintiff by the Defendants, jointly and severally, (d) the breach of the contract by the Defendant State of North Carolina; said contract entered into between the Plaintiff and the Defendant State of North Carolina.

26. The Plaintiff is entitled to secure from the Defendants, jointly and severally, punitive damages pursuant to 42 USC 1981(a) and NCGS 1D-15 for all claims alleged in paragraph 25 above together with attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court as follows:

1. For a declaratory judgment declaring the conduct engaged in jointly and severally by the Defendants is in violation of the Plaintiff's rights.

2. For a permanent injunction enjoining the Defendants and each of them from engaging in further conduct in the nature of creation of a hostile work environment with regard to the Plaintiff.

3. To restore the Plaintiff to a position as a correctional officer at Alexander Correctional Institution.

4. To award the Plaintiff back salary and fringe benefits including but not limited to medical benefits and retirement benefits from February 3, 2011 to the present.

5. That the Court award the Plaintiff against the Defendants, jointly and severally, liquidated damages in an amount double to the amount of actual damages for back salary and fringe benefits.

6. The Plaintiff be awarded compensatory damages against the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

7. That the Plaintiff be awarded punitive damages against the Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and being in an amount that the trier of fact believes will deter future similar misconduct by the Defendants.

8. That an award of costs and attorney's fees be entered jointly and severally as to each Defendant.

9. For a trial by jury as to each and every claim against each Defendant.

10. For other and further relief as the Court deems just and proper.

This 25th day of April, 2011.

                                                    _____
                                                    E. Bedford Cannon
                                                    140 East Water Street
                                                    Statesville, NC  28677
                                                    704-872-7438

NORTH CAROLINA

IREDELL COUNTY

**VERIFICATION**

     Katheryn R. Johnson, being first duly sworn, deposes and says: That she is the Plaintiff in the foregoing action; that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge, except those matters and things therein stated upon information and belief, and as to those, she believes them to be true.

                                                                            Katheryn R. Johnson

     Sworn to and subscribed before me this 25th day of April, 2011, by Katheryn R. Johnson, a person known to me (or satisfactorily proven) to be the person described in the foregoing instrument, who after being sworn said and acknowledged the execution of the foregoing instrument for the purposes therein expressed.

                                             Denise S. Blackwelder - Notary Public

My commission expires: 4-2-2014