IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-057-RLV-DCK

| | |
|---|---|
| KATHERYN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THE STATE OF NORTH CAROLINA | ) |
| and KEITH WHITENER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on three motions filed by Plaintiff on June 5, 2012: Plaintiff's "Motion To Make Filings In Paper Form" (Document No. 26); Plaintiff's "Motion" (Document No. 27) seeking additional time to file a response to "Defendant State Of North Carolina's Partial Motion To Dismiss" (Document No. 15); and Plaintiff's "Motion To Extend Time To File Brief" (Document No. 28), responding to "Defendant Keith Whitener's Motion To Dismiss" (Document No. 22). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, and in the interest of judicial economy, the undersigned will grant the motions.

Plaintiff's first motion (Document No. 26) seeks relief from Local Rule 83.1(D) requiring attorneys admitted to practice before this Court to establish an ECF account with Clerk of Court. This Court's Administrative Procedures Governing Filing And Service By Electronic Means, provides in section (I)(A)(4):

> For good cause shown, an attorney may apply to the assigned judge
> for permission to file documents conventionally. Such permission,
> if granted, will be granted only with respect to a particular case.
> Even if the assigned judge initially grants an attorney permission to

> file documents conventionally, however, the assigned judge may withdraw that permission at any time during the pendency of a case and require the attorney to file documents electronically using the System.

The Court in its discretion will excuse counsel from the ECF requirement in this case only.

Regarding Plaintiff's motions for additional time to respond to the pending motions to dismiss, Plaintiff offers little, if any, persuasive explanation for the failures to file timely responses, or for the requests for additional time to respond. (Document Nos. 15, 22). Nevertheless, in this instance, the Court will allow additional time. Counsel for Plaintiff is respectfully advised to review the Court's Local Rules, particularly concerning motions in civil actions. See Local Rule 7.1.

The parties are reminded that the mediation deadline is **June 29, 2012**, and that a report on the results of their mediation shall be filed by **July 6, 2012**. (Document No. 25).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Make Filings In Paper Form" (Document No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion" (Document No. 27) is **GRANTED**. Plaintiff shall file a response to "Defendant State Of North Carolina's Partial Motion To Dismiss" (Document No. 15) on or before **June 25, 2012**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Extend Time To File Brief" (Document No. 28) is **GRANTED**. Plaintiff shall file a response to "Defendant Keith Whitener's Motion To Dismiss" (Document No. 22) on or before **June 25, 2012**.

Signed: June 12, 2012

David C. Keesler
United States Magistrate Judge